From Rowan.
"The jury find that Spruce McCay, Esquire, did, on 23 February, 1803, duly make and publish his last will and testament in the words and figures following, that is to say, etc. And the jury further find that the same was executed in the presence of two credible witnesses, no one of whom was or is interested in the devise of the said lands, and attested by them; and that the testator was, at the time of making and publishing said will, of sound mind, memory and understanding. And they further find that after the making and publishing of the said will, to wit, in April, 1804, the said testator had a child born of his wife, Elizabeth, named William, who is the defendant and caveator against the will. And they further find that afterwards, viz., in the fall of the said year 1804, the said Spruce McCay was sick, and attended by Dr. William Moore, one of the witnesses to the said will, and that he, in a conversation then had with the said Dr. Moore, asked the said doctor if he thought him dangerous, and begged the said doctor to be candid in his answer, for that his youngest child, meaning the said William, was unprovided for, and he wished to make some provision for the said child. Upon which the said Dr. Moore said, he thought him better, and would prefer his postponing such a business to some future period. And they further find that the said testator, at the time of such conversation, intended to make (448) some provision for his youngest child William. And they further find that the said testator was much pleased with the said William, called him a fine boy, and was as fond *Page 305 
of him as of any other of his children. And they further find that the said testator, afterwards, to wit, on 25 February, 1808, died without altering or revoking his said will, unless what is stated as aforesaid alters or revokes the same. If, therefore, the court should be of opinion that the birth of said child, attended with the circumstances aforesaid, is a sufficient revocation of the said will, then they find that the paper-writing now produced is not the last will and testament of the said Spruce McCay, deceased, and that he did not devise. But if the court should be of a contrary opinion, then they find that the same paper-writing is the last will and testament of the said Spruce McCay, and that he did devise."
The foregoing special verdict was sent to this Court for the opinion of the judges.
We are of opinion that the birth of the child, together with the other circumstances set forth in the special verdict, do not in law amount to a revocation of the will.*
* This case was tried upon the issue, and the special verdict found at October Term, 1808, of Rowan Superior Court. The case attracted the attention of the General Assembly to the subject, and at their session in November, 1808, they passed an act "to provide for children born after the making of their parent's will."
(449)